IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Nathaniel Harold Green,<br><br>                Plaintiff,<br><br>vs.<br><br>Sheriff Wayne Dewitt, R. Driggers,<br>K.P. Murphy, Sgt. Sanders,<br>Lt. Riley, and Nurse Paula,<br><br>                Defendants. | Civil Action No. 6:10-cv-00429-RMG-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the plaintiff's motion for "temporary injunction" (doc. 59). The plaintiff, a pretrial detainee at the Hill-Finklea Detention Center who is proceeding *pro se*, alleges various claims of constitutional violations related to the conditions of his confinement.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

In his motion, the plaintiff asks that the court intervene and offer relief in the form of an inspection of the detention facility by "[f]ederal jail inspectors" and further requiring a report to be issued concerning the inspection. Finally, he seeks the court's intervention requiring the defendants to enter into monetary negotiations with the plaintiff concerning his alleged injuries

To obtain a preliminary injunction, the plaintiff must demonstrate "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Natural Resources Defense Council., Inc.* 129 S. Ct. 365,

374 (2008); *see Scott v. Padula*, C.A. No. 0:08-3240-HFF-PJG, 2009 WL 2579464, at *1 (D.S.C. August 18, 2009) (applying *Winter* standard and noting that the *Blackwelder Furniture Co. v. Seling Mfg. Co.*, 550 F.2d 189 (4th Cir.1977) balance-of-hardship test no longer applies). *See Neiswender v. Bank of America*, No. 09-2595, 2009 WL 1834406, at *1 (N.D. Cal. June 23, 2009) ("A request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction.").

The defendants argue that the plaintiff has failed to make the required showing to obtain a preliminary injunction. This court agrees. The plaintiff has not provided this court with proof that he will suffer immediate and irreparable harm if an inspection by federal jail inspectors is not performed. Further, the plaintiff has provided nothing in his motion to suggest that he will ultimately prevail on the merits of his claim. Nor, likewise, does he offer anything to support the contention that the public would somehow benefit from the injunctive relief requested. Functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991). Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances. *Taylor v. Freeman*, 34 F.3d 266, 269-70 (4th Cir. 1994).

The plaintiff has failed to establish the elements required to obtain a preliminary injunction or temporary restraining order. Wherefore, based on the foregoing, it is recommended that the plaintiff's motion (doc. 59) be denied.

September 8, 2010  
Greenville, South Carolina

s/Kevin F. McDonald  
United States Magistrate Judge