IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

RECEIVED
JDC, CLERK, CHARLESTON, SC
2010 SEP 29 A 11: 48

| | |
|---|---|
| Nathaniel Harold Green,<br>　　Plaintiff,<br><br>v.<br><br>Sheriff Wayne DeWitt, R. Driggers,<br>K.P. Murphy, Sgt. Sanders, Lt. Riley, and<br>Nurse Paula,<br>　　Defendants. | Case No. 6:10-cv-00429-RMG-KFM<br><br>**ORDER** |

### I.　Background

This matter is before the Court on Plaintiff's motion for "temporary injunction"(Dkt. No. 59). Plaintiff, a pretrial detainee at the Hill-Finklea Detention Center who is proceeding *pro se*, alleges various claims of constitutional violations related to the conditions of his confinement.

The current motion before the Court, pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., was referred to the Magistrate Judge for his Report and Recommendation. Upon his review, the Magistrate recommended denying the Plaintiff's motion for temporary injunction. (Dkt. No. 64). As noted herein, this Court agrees with the Magistrate and Plaintiff's motion is denied.

### II.　Discussion

This Court is charged with conducting a *de novo* review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). Here the Plaintiff offered very general objections to the Magistrate's Report and Recommendation but nonetheless this

Court has conducted a *de novo* review of the record as it pertains to Plaintiff's request for a temporary injunction.

In his motion, Plaintiff asks that the Court intervene and offer relief in the form of an inspection of the detention facility by "[f]ederal jail inspectors" and further requiring a report to be issued concerning the inspection. Finally, he seeks the court's intervention requiring the defendants to enter into monetary negotiations with Plaintiff concerning his alleged injuries

To obtain a preliminary injunction, a plaintiff must demonstrate "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Natural Resources Defense Council., Inc.* 129 S. Ct. 365, 374 (2008); *see also Scott v. Padula*, C.A. No. 0:08-3240-HFF-PJG, 2009 WL 2579464, at *1 (D.S.C. August 18, 2009) (applying *Winter* standard).

Defendants oppose the motion and argue that Plaintiff has failed to make the required showing to obtain a preliminary injunction. This Court agrees. Plaintiff has not provided this court with proof that he will suffer immediate and irreparable harm if an inspection by federal jail inspectors is not performed. Further, Plaintiff has provided nothing in his motion to suggest that he will ultimately prevail on the merits of his claim. Plaintiff has further failed to provide anything to support the contention that the public would somehow benefit from the injunctive relief requested. In general, functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991). As a result, courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances. *Taylor v. Freeman*, 34 F.3d 266, 269-70 (4th Cir. 1994). This is not one of those exceptional circumstances.

### III. Conclusion

As show above, Plaintiff has failed to establish the elements required to obtain a preliminary injunction or temporary restraining order. Accordingly, Plaintiff's motion for a temporary injunction (Dkt. No. 59) is **denied**.

**AND IT IS SO ORDERED**.

----------------------------------
Richard Mark Gergel
United States District Court Judge

September 28, 2010
Charleston, South Carolina