IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nathaniel Harold Green, | ) | Civil Action No. 6:10-cv-429-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Sheriff Wayne DeWitt, et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Petitioner filed this action pursuant to 42 U.S.C. § 1983 claiming that various jailhouse conditions violate his constitutional rights. The Magistrate Judge recommended granting the Defendants' summary judgment motion. (Dkt. No. 71). Petitioner has not objected to the R&R. As shown herein, this Court has reviewed the Record for any errors of law and agrees with the Magistrate Judge's report. Therefore, this Court adopts the Magistrate Judge's report as the Order of this Court and it is incorporated by reference herein.

**Discussion**

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This

1

Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

To state a claim that conditions of confinement violate constitutional requirements, "a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir.1993) (quoting *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir.1991)). Here, the plaintiff has not demonstrated that the defendants failed to provide him with humane conditions of confinement or that he suffered any actual injury as a result of the alleged conditions of his confinement. Further, the plaintiff has failed to establish that he had a serious medical need and that the defendants acted with deliberate indifference to his medical care. He makes only conclusory allegations without support of any kind. Moreover, the Defendants are entitled to qualified immunity. Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Plaintiff's claims related to law library access and respondeat superior fail as a matter of law as well for the reasons stated in the R&R.

## Conclusion

Accordingly, the motion for summary judgment is **granted**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

2

December 22, 2010
Charleston, South Carolina